FRANCIA and another *v.* ODDIE and others.

---

Where a party is allowed to receive an amount and likewise required to give a bond with sureties before a master and the opposite side (whose interest it was to get the bond executed) does not move in it for a length of time and until such party has become insolvent; *Held*, that the latter, now unable to furnish sureties, cannot be attached for not furnishing them.

---

BY an order dated the twelfth day of November, one thousand eight hundred and thirty-three, the injunction herein was modified, so as to allow the defendants Joseph and Henriques to collect and receive the amount of a certain promissory note for seventeen hundred and sixty-three dollars and sixty-two cents. And it was also therein ordered that the said Joseph and Henriques should make and execute unto the clerk of the court their bond or obligation, with one or more sufficient sureties, in the penalty of three thousand five hundred dollars, conditioned to obey and perform the final order and decree that might be made touching the said note and the interest thereon or the proceeds thereof, the form and execution of the said bond and the sufficiency thereof to be approved by David Codwise, one of the masters of the court.

A decree had since been made in the cause, establishing the complainant's right to the note and its proceeds.

A motion was now made for an attachment against the Josephs and Henriques, on the ground of not having executed such bond. It was founded upon the master's report, dated

*Feb. 1, 1841.*

*Practice.
Attach-
ment.*

1841.

FRANCIA
*v.*
ODDIE.

July 28, 1840 ; and showed that Joseph L. Joseph, Solomon J. Joseph and Moses Henriques had sworn to their inability to get security in any such bond and that they, themselves, were now utterly insolvent ; that they failed in the year one thousand eight hundred and thirty-seven, but up to their failure they were in good credit and possessed of ample means to have enabled them to give the said bond with sufficient sureties ; that they had assigned all their estate to assignees ; and that the first summons served upon them was dated the fifteenth of July, one thousand eight hundred and forty.

Mr. *Tucker,* for the motion.

Mr. *Cutting,* contra.

THE VICE-CHANCELLOR :—It being shown by the affidavit of the defendants to be out of their power, in their present insolvent condition, to procure any person to join them in a bond as required by the order, it is not a case of wilful disobedience of the order within the 2 R. S. 298, § 10, pl. 3, to be punished *criminaliter ;* nor is it a case which would authorize imprisonment, under the 2 R. S. 558, § 23 : because it is sworn to be out of the power of the defendants to perform the act or duty required by them. The complainants ought to have attended to this matter earlier. By the delay and the intervening insolvency of the defendants, they have lost the opportunity of obtaining the security. The court cannot now undertake to compel the defendants to do what has become impracticable.

The present motion must be denied ; and the complainants be left to enforce the decree pronounced in the cause in the best way they can.

Motion denied ; but without costs to the defendant.